**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 04-4317**

—————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

DONALD N. HAYNES,

                                        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Richard L. Williams, Senior
District Judge.  (CR-03-286)

—————————

Submitted:  July 27, 2005          Decided:  October 11, 2005

—————————

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Frank W. Dunham, Jr., Federal Public Defender, Mary E. Maguire,
Assistant Federal Public Defender, Frances H. Pratt, Research and
Writing Attorney, Richmond, Virginia, for Appellant.  Paul J.
McNulty, United States Attorney, Michael J. Elston, Assistant
United States Attorney, Matthew C. Ackley, Special Assistant United
States Attorney, Robert M. Worster, III, Third-Year Law Student,
Richmond, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Donald N. Haynes pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of eighty-four months imprisonment. Haynes appeals his sentence. Relying on Blakely v. Washington, 542 U.S. 296 (2004), and its progeny, he contends that the district court erred in applying an adjustment for reckless endangerment pursuant to U.S. Sentencing Guidelines Manual § 3C1.2 (2003), and in adopting the calculation of his base offense level and criminal history recommended in the presentence report. Haynes also maintains that the court's application of the reckless endangerment adjustment was clearly erroneous. Finally, Haynes asserts that the court erred in concluding that it lacked authority to depart downward under USSG § 5K2.13, p.s. (Diminished Capacity). For the reasons explained below, we affirm the sentence.

On July 7, 2003, police in Richmond, Virginia, responded to a report of gunshots being fired. Haynes was found just inside the front door of his house with a gun in one hand and a bottle of wine in the other hand. While officers evacuated Haynes' wife and mother-in-law from the house, Haynes refused to give up the gun, pointing it repeatedly at the officers and stating, "You will have to take me because I'm not going back." Haynes retreated upstairs, where there was a small child. After a stand-off lasting thirty to forty-five minutes, Haynes' mother persuaded him to surrender.

Haynes had prior convictions for assault, unlawful wounding, and possession of crack cocaine with intent to distribute, and a history of mental illness. He had run out of his prescribed medication some time before and had not been able to obtain a new supply.

Without a written plea agreement, Haynes pled guilty to possession of a firearm by a convicted felon. The probation officer recommended a base offense level of 24 under USSG § 2K2.1(a)(2), which applies when the defendant has two or more prior convictions for either a crime of violence or a drug offense, and added a two-level adjustment for reckless endangerment during flight or preparation for flight under USSG § 3C1.2 because Haynes had pointed his gun at the arresting officers and had endangered a small child. Haynes was in criminal history category V. His guideline range was 84-105 months.

At the sentencing hearing, the district court heard testimony from Haynes' family, one of the arresting officers, and a psychiatrist who had evaluated Haynes at his attorney's request. The court determined that the adjustment for reckless endangerment applied and declined to depart downward based on diminished capacity because the offense involved violence or a serious threat of violence. The court imposed the minimum guideline sentence of eighty-four months imprisonment.

<u>Reckless Endangerment, USSG § 3C1.2</u>

Haynes asserts that the adjustment for reckless endangerment was incorrectly applied because he did not act willfully. The district court's legal interpretation of an applicable guideline term is reviewed de novo, while its factual findings are reviewed for clear error. <u>United States v. Quinn</u>, 359 F.3d 666, 679 (4th Cir. 2004). Guideline section 3C1.2 provides that, "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels." The term "reckless" is defined as conduct "in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." USSG §§ C1.2, comment. (n.2), 2A1.4, comment. (n.1). "During flight" includes conduct that occurs "in the course of resisting arrest." USSG § 3C1.2, comment. (n.3); see <u>United States v. Campbell</u>, 42 F.3d 1199, 1205-06 (9th Cir. 1994) (reckless endangerment occurred in twelve-hour standoff during which defendant said he would not be taken and threatened to kill anyone who tried to arrest him). Here, the standoff lasted thirty to forty-five minutes. There was no evidence that Haynes' condition prevented him from appreciating the danger to others his conduct presented, and he had ample opportunity to surrender the

gun.  The district court found that Haynes' conduct was "active and willful as evidenced by [his] statement that he wasn't going back [to jail]."  We conclude that the district court did not clearly err in finding that Haynes acted willfully and that the court correctly applied the adjustment.

## Booker[1] Claims

Because Haynes did not raise these issues in the district court, our review is for plain error.  United States v. Harp, 406 F.3d 242, 247 (4th Cir. 2005).  To establish plain error, Haynes must show that an error occurred, that the error was plain, and that the error affected his substantial rights.  United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005).  If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  Id. at 555 (internal quotation marks and citation omitted).  To establish that a Sixth Amendment error occurred in his sentencing, Haynes must show that the district court imposed a sentence that exceeded the maximum allowed based only on the facts he admitted.  Booker, 125 S. Ct. at

---

[1]United States v. Booker, 125 S. Ct. 738 (2005).

- 5 -

756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005).

## A. Reckless Endangerment

Haynes did not admit certain facts on which the adjustment was based. The indictment charged only that Haynes unlawfully possessed a firearm after previously being convicted of a felony. At the guilty plea hearing, Haynes did not admit that he pointed the gun at the officers or that he recklessly endangered others. Without the adjustment, and assuming a base offense level of 24, Haynes' offense level would have been 24 before the reduction for acceptance of responsibility. See United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005) (holding that, to determine whether sentence exceeded maximum permitted by facts defendant admitted, appellate court should look to guideline range based on admitted facts before any reduction for acceptance of responsibility). Because Haynes was in criminal history V, his guideline range would have been 92-115 months. Haynes' eighty-four-month sentence did not exceed the maximum sentence allowed

based on the facts he admitted.  Therefore, no Sixth Amendment error occurred.  <u>Id.</u>[2]

## B.  Enhanced Base Offense Level

Under <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000), a sentence may be enhanced based on the <u>fact</u> <u>of</u> a prior conviction. However, when the sentencing court looks "beyond the charging document, the terms of a plea agreement, the plea colloquy, the statutory definition, or any explicit finding of the trial court to determine a fact <u>about</u> a prior conviction," then the finding has gone too far afield from the prior judicial record and falls outside the <u>Apprendi</u> exception for prior convictions.  <u>United States v. Collins</u>, 412 F.3d 515, 521-22 (4th Cir. 2005) (citing <u>Shepard v. United States</u>, 125 S. Ct. 1254, 1263 (2005)) (internal quotation omitted).  In <u>Collins</u>, as in Haynes' case, the prior convictions in question were possession of cocaine with intent to distribute[3] and unlawful wounding.  As in <u>Collins</u>, the court did not need to make any fact findings about these convictions to conclude that one was a crime of violence and the other was a

_____

[2]As in <u>Evans</u>, 416 F.3d at 300 n.4, Haynes cannot show error even if we calculate his guideline range with a three-level adjustment for acceptance of responsibility. A total offense level of 21 and a criminal history category of V yields a guideline range of 70-87 months.  His sentence was within that range.

[3]In <u>Collins</u>, the prior offense was possession of cocaine with intent to distribute; Haynes' prior offense was possession of cocaine base with intent to distribute.

controlled substance offense. Collins, 412 F.3d at 521-22. Therefore, the enhancement of Haynes' base offense level under § 2K2.1(a)(2) is within the Apprendi exception and does not violate the Sixth Amendment or due process.

### C. Criminal History

Haynes asserts that the factual findings required to determine whether particular convictions are countable and how many points are assessed involve more than the mere fact of a prior conviction and therefore are subject to the requirements of Blakely. In effect, he argues that the prior conviction exception laid out in Almendarez-Torres v. United States, 523 U.S. 224 (1998), and reaffirmed in Apprendi, may no longer be good law. This argument is foreclosed by the Supreme Court's reaffirmation of the prior conviction exception in Booker. See Booker, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). The exception is still good law.

Nor does the application of the prior conviction exception to Haynes raise any of the problems outlined in Shepard. Because no facts related to Haynes' prior convictions were disputed, the district court judge's determination of Haynes'

criminal history did not violate the Sixth Amendment.  Cf. United States v. Washington, 404 F.3d 834, 843 (4th Cir. 2005) (finding that district court's reliance on disputed facts about the defendant's prior breaking and entering conviction to determine that it was a crime of violence violated the defendant's Sixth Amendment right to trial by jury).

### Authority to Depart for Diminished Capacity

Haynes contends that the district court found that he suffered from diminished capacity, but declined to depart out of a mistaken belief that his offense involved actual violence or a serious threat of violence.  When the defendant appeals his sentence, the district court's refusal to depart below the guideline range is not reviewable unless the court's decision resulted from a mistaken belief that it lacked authority to depart. United States v. Shaw, 313 F.3d 219, 222 (4th Cir. 2002).  Because Haynes argues that the district court failed to understand its authority to depart, we review this issue de novo.

Guideline section § 5K2.13 states that a departure may not be made under this policy statement if:

> (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public; or (4) the defendant has been convicted of an offense under

chapter 71, 109A, 110, or 117, of Title 18, United States Code.

The district court held that Haynes' conduct precluded a departure because the facts and circumstances of his case involved violence or a serious threat of violence and indicated a need to protect the public. The court was not mistaken in deciding that, under the circumstances, it lacked authority to depart under § 5K2.13.

For the reasons discussed, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED